in Yates county, the defendant appealed to the Yates C. P. The appeal bond was, "Know all men, &c., that we, Nelson P. Hawks, &c., are held, &c., unto Jeremiah Cassidy, and the overseers of the poor of the town of Milo, Yates county." The C. P., holding that the bond should have run to Cassidy alone, quashed the appeal.

A motion was now made in behalf of the appellant for a mandamus commanding the C. P. to set aside their rule quashing the appeal; and proceed in the cause.

*R. N. Morrison*, for the motion.

It was not opposed; but,

*Per Curiam.* The court below were right; and the motion must be denied.

Motion denied.

---

## The People *ex rel.* Cross, *against* The Judges of the Court of Common Pleas of the County of Onondaga.

Though there be an issue and trial before a justice as to only part of the defendants; yet the remedy [*493] is by appeal by all.

And the C. P., on appeal should continue the cause, and assess damages against those who did not plead before the justice, though the defendants who pleaded to issue be acquitted in the C. P. for want of evidence.

If, after trial begun, the court quash the appeal for this cause, it is a mis-trial, which they should set aside, and then proceed to a trial *de novo*.

THE return to the alternative mandamus, showed that Cross sued Brown, Shaw and Kellogg, in trespass *de bonis asportatis*, before a justice of the peace of the county of Onondaga. All the defendants were personally served with processs. Brown and Shaw severally pleaded to *issue; and judgment being against all three jointly, they appealed to the C. P., who denied a motion to quash the appeal, made on the ground that though issue was not joined, and there was no trial as to one, yet there being issue as to two, that drew after it the whole cause as to all the defendants; and there could be but a single remedy. In that view, the C. P. were sustained by this court on a

motion for a mandamus. Then the cause was brought to trial in the C. P. when there was no proof except against Kellogg. ·The C. P. directed the jury to acquit the other two; and then quashed the appeal *in tota*, on the ground that after the acquittal, there was no issue to try; and was therefore a want of jurisdiction. They also granted a rule for double costs to the appellants; Brown, being a constable, and having acted as such in the alleged trespass. Afterwards, this rule for double costs was vacated, pursuant to an alternative mandamus from this court. The same mandamus directed the C. P. to proceed in the cause, without saying how. The cause was again noticed for trial; but the C. P. declined proceeding to trial or assessment of damages against Kellogg, on a writ of inquiry; deeming the latter inapplicable to a case of appeal.

A motion was now made for a mandamus, commanding the judges below to try; or for such other rule as this court should deem proper.

*J. W. Brewster*, for the plaintiffs.

*Curia.* There was a mis-trial in the court below. Let a mandamus issue commanding them to set the trial and verdict aside; proceed to a trial *de novo*.

Rule accordingly.